# FABIAN VANCOTT

Tanner J. Bean
Jacqueline M. Rosen
Attorneys
Tel. 801-323-2266

April 22, 2026

U.S. Court of Appeals for the Tenth Circuit
Clerk's Office, Christopher M. Wolpert
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

**Re: Case No. 25-4115, *Jensen et al. v. Utah County et al.***
**Fed. R. App. P. 28(j) Notice of Additional Supplemental Authorities**

Mr. Wolpert,

Following submission of the parties' briefs, it came to the attention of Appellees Bridger Lee Jensen, Singularism, and Psyche Healing and Bridging, LLC that the following additional authorities are relevant to the issues presented to the Court.

Pursuant to Federal Rule of Appellate Procedure 28(j) and the Appendix to the Tenth Circuit Rules, Appellees submit the following supplemental authorities:

- *Executive Order, Accelerating Medical Treatments for Serious Mental Illness*, The White House (2026), available at https://www.whitehouse.gov/presidential-actions/2026/04/accelerating-medical-treatments-for-serious-mental-illness/

    o This executive order instructs the FDA and DEA to "facilitate and establish a pathway for eligible patients to access psychedelic drugs . . . including any necessary Schedule I handling authorizations . . . and any applicable waiver authority under the Controlled Substances Act." The executive order also gives instructions to the Attorney General and HHS so that "rescheduling . . . may proceed as quickly as practicable" for products containing psychedelics.

- *S.B. 83 Controlled Substance Scheduling Amendments*, Utah State Legislature (2026), available at https://le.utah.gov/~2026/bills/static/SB0083.html.

    o This statute creates a trigger law for Schedule I controlled substances. Where the federal government reschedules a substance from Schedule I to any other schedule under the federal Controlled Substances Act, this statute automatically deems that substance rescheduled under Utah's Controlled Substances Act. The executive order above indicates an intent to federally reschedule psychedelic substances.

These new authorities are relevant to the Court's consideration of whether the Utah Controlled Substances Act is neutral and generally applicable as applied to Appellees' religious exercise, a predicate question as to whether strict scrutiny review applies to Appellees' free exercise claim under the First Amendment. In particular, the matter is relevant to Appellants' assertion of governmental interests tied to the federal Controlled Substances Act. This issue is discussed in Appellants' opening brief at pages 6-7, 29-33, Appellees' response brief at pages 18-19, 31-32, and 53-70, and Appellants' reply brief at pages 10-20. For the same reasons as specified in Appellees' previously filed Request for Judicial Notice, Appellees also request the Court take judicial notice of this new statute and executive order.

Sincerely,

Tanner J. Bean
Jacqueline M. Rosen
FABIAN VANCOTT