Troy L. Booher
Caroline Anais Olsen
ZIMMERMAN BOOHER
341 South Main Street, Fourth Floor
Salt Lake City, Utah 84101
tbooher@zbappeals.com
colsen@zbappeals.com
(801) 924-0200

*Attorneys for Appellants Utah County,
Provo City, and Jeffrey Gray*

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | |
|---|---|
| BRIDGER LEE JENSEN, et al., | No. 25-4115 |
| Plaintiffs - Appellees, | |
| v. | **RESPONSE TO APPELLEES'** |
| | **MOTION TO ABATE** |
| UTAH COUNTY, et al., | **PROCEEDINGS AND POSTPONE** |
| | **ORAL ARGUMENT** |
| Defendants - Appellants. | |

Appellants Utah County, Provo City, and Jeffrey Gray (collectively, defendants) respectfully oppose Appellees' Motion to Abate Proceedings and Postpone Oral Argument [Dkt. 63].

Postponing oral argument at this late date is both unnecessary and inefficient. Abatement is also unwarranted, given that it is not clear that the Supreme Court's eventual decision *St. Mary Catholic Parish v. Roy* (No. 25-581) will have bearing on this case. At a minimum, this Court should defer ruling on abatement until after oral argument, because argument may help crystallize the importance of awaiting the Supreme Court's eventual decision in *St. Mary*.

**1.     Postponing Oral Argument is Unnecessary and Inefficient**

Argument should be postponed "[o]nly in extraordinary circumstances." 10th Cir. R. 34.1(3). Plaintiffs have not demonstrated extraordinary circumstances warranting postponement of oral argument in this case, which is currently calendared for May 20, 2026.

Plaintiffs' principal reason for postponement is that the Supreme Court's eventual decision in *St. Mary could* affect this Court's decision with respect to the Free Exercise issues raised in this appeal. But as explained in more detail below (at 5–8), it is not clear that the issues to be resolved by the Supreme Court in *St. Mary* will provide guidance on the Free Exercise questions at issue here.

Even plaintiffs do not argue that the Supreme Court's decision in *St. Mary* will definitely affect these proceedings. Summarizing their own merits arguments,

plaintiffs acknowledge that they have "argued that the Court need not reach the First Amendment analysis in this case" based on alternative arguments. (Mot. at 5–6.) In other words, *St. Mary* might not matter all.

To be clear, defendants disagree with plaintiffs' alternative arguments. (Op. Br. 23–25; Reply Br. 4–10.) But the salient point is this: both parties believe that there are pathways to decision in which *St. Mary* has no relevance. And it makes little sense to postpone argument—likely for well over a year—for a Supreme Court decision that may not be relevant.

Going forward with argument as scheduled would be more efficient. Among other things, argument could help clarify whether the issues presented in *St. Mary* are likely to be relevant to this Court's decision. If the Court concludes after argument that it is beneficial to await the decision in *St. Mary*, the Court can choose to do so then (and request supplemental briefing after the Supreme Court issues its decision).

Deferring argument now would be less efficient and prejudicial. Oral argument is now less than twenty days away. Defendants have already begun preparing, and they have made arrangements to travel to Denver from Salt Lake City. This Court may also have begun preparing for oral argument.

The Supreme Court's decision to grant certiorari in *St. Mary*—while no doubt significant—does not qualify as an extraordinary circumstance warranting postponement of argument at this late date.

**2.      Appellate Proceedings Should Not Be Abated**

This Court also should deny plaintiffs' request to abate appellate proceedings based on the Supreme Court's decision to grant certiorari in *St. Mary*.

For one thing, this appeal presents significant issues that require this Court's correction, independent of the Free Exercise questions. As defendants have explained, the district court committed a grave legal error when it entered an anti-suit injunction to enjoin an ongoing state criminal prosecution in violation of the mandatory abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971).

The district court's decision was a genuine outlier: the court relied on two exceptions to *Younger* abstention—bad faith and irreparable harm—that the Supreme Court has never invoked and that less than a handful of lower federal courts have ever applied. (Op. Br. 37–60; Reply Br. 26–29.)

As defendants have explained, correcting the district court's error—and rectifying its infringement on the important federalism interests *Younger* protects—does not require this Court to wade into Free Exercise questions. (Op. Br. 38, Reply Br. 29.) This Court should not delay rectifying that error. Such delay would only perpetuate the interference with the State of Utah's enforcement of its criminal laws.

To be sure, defendants have also asked this Court to reverse the district court's Free Exercise Clause analysis, both because the court's analysis was erroneous, and because that error provides an *additional* reason why the anti-suit

injunction must be vacated. (Op. Br. 26–34; Reply Br. 10–21.) But it is hardly clear that the Supreme Court's eventual decision in *St. Mary* will hold relevance for the Free Exercise question at issue in this appeal.

For one thing, *St. Mary* featured only incidentally in the parties' briefs in this appeal. The parties' principal briefs referenced this Court's decision in *St. Mary* for general propositions—such as the level of review that applies if a statute is neutral and generally applicable. (Op. Br. 26–29; Resp. Br. 54, 57, 62, 63.) The reply brief does not rely on *St. Mary*'s reasoning at all. The dearth of discussion suggests that the issues before the Supreme Court in *St. Mary* have little relevance to this appeal.

For another thing, the cases are factually and legally different. In *St. Mary*, petitioners challenge a Catholic preschool's exclusion from Colorado's universal preschool program, because Colorado will not exempt the school from a nondiscrimination requirement that would require the school to accept students and families in contravention of the school community's religious beliefs. *St. Mary Catholic Par. in Littleton v. Roy*, 154 F.4th 752, 757–60 (10th Cir. 2025). *St. Mary* weighs whether a religious school must act like a public school to participate in a public program. This case is about whether Singularism's unregulated use of psilocybin in sacramental ceremonies should be deemed equivalent to a large medical institution's research into psilocybin's safety and efficacy, when it comes to prosecution under the narrow research exemption to Utah's Controlled Substances Act (CSA).

4

The question presented for the Supreme Court's review in *St. Mary* confirms a lack of legal overlap. As plaintiffs note, the Supreme Court granted certiorari to review the petitioners' first question: "Whether proving a lack of general applicability under *Employment Division v. Smith* requires showing unfettered discretion or categorical exemptions for identical secular conduct."[1] (Mot. Ex. A, p.i.)

Without elaboration or explanation, plaintiffs assert that "[t]his precise question is before the Court in this case." (Mot. at 5.) But it's not. While this case implicates whether a statute's general applicability is implicated by a statutory exemption, the issues otherwise diverge.

As a reminder: the district court (erroneously) concluded that the Utah CSA is not generally applicable because it contains a medical research exemption, which permits large healthcare institutions to study (and then report to the Legislature on) the safety of certain forms of psilocybin approved by the FDA for Phase 3 investigational testing in a highly regulated, clinical context. *See* Utah Code § 58-37-3.5. The district court concluded that the exemption undermined the statute's general applicability, because, in its view, the public

---

[1] The Supreme Court also granted certiorari on the petitioners' second question: "Whether *Carson v. Makin* displaces the rule of *Employment Division v. Smith* only when the government explicitly excludes religious people and institutions." (Mot. Ex. A, p. ii.) Plaintiffs do not contend that question is relevant to this appeal.

The Court *declined* to grant certiorari on petitioners' third question: "Whether *Employment Division v. Smith* should be overruled." (Mot. Ex. A, p. ii.)

safety and diversion risks posed by the research exemption were comparable to Singularism's use of psilocybin. [App-5:167–68.]

In explaining why the district court's reasoning was incorrect, defendants have not relied on *St. Mary*'s analysis of what constitutes a permissible exemption for purposes of general applicability. Defendants have not argued that the research exemption is permissible solely because it does not grant anyone discretion (although, it does not), nor have they argued that the exemption is permissible solely because it is categorical (although, it is). Rather, they argue that the exemption does not defeat general applicability because Singularism's unregulated use of psilocybin undermines the public health and anti-diversion interests underlying the Utah CSA, while the medical research exemption does not. (Op. Br. 31–33; Reply Br. 11–18.) That is precisely the kind of analysis the Supreme Court urged in *Tandon v. Newsom*, 593 U.S. 61 (2021)—and, incidentally, it is the type of review the petitioners urge in *St. Mary*. (See Mot. Ex. A, pp. 15–24.)

In their response brief, plaintiffs separately argued that Utah CSA contains a system for individualized exemptions that defeats general applicability. (Resp. Br. 67.) The district court did not agree with that argument below, and defendants explain why it is wrong on appeal. (Reply Br. 18–20.) But again, the take home point is that defendants did not rely on *St. Mary* to explain why the statutory regime was valid. Rather, defendants demonstrated that, unlike Singularism's unregulated use of psilocybin, the medical research regime does not

undermine the public health and anti-diversion interests underlying the Utah CSA. (Reply Br. 18–21.)

Given the differences between the cases, abatement is not warranted because it is not clear that the Supreme Court's eventual decision in *St. Mary* will substantially affect the case. *See United States v. Lugo-Tovar*, 713 F. App'x 774, 777 (10th Cir. 2017) (denying motion for abatement where eventual Supreme Court decision "will probably not affect" the case).

It is true that this Court has recognized the propriety of abating a pending appeal when the Supreme Court has granted certiorari in a related case. (Mot. at 3–4.) But in those cases, the Supreme Court granted certiorari to resolve the "exact issue" on appeal. *Jacobson v. Credit Control Servs., Inc.*, 815 F.3d 688, 688 (10th Cir. 2016); *Courage to Change Ranches Holding Co. v. El Paso Cnty.*, 734 F.4th 1175, 1190–91 (10th Cir. 2023) (similar). As explained above, this case is different.[2]

Admittedly, the Supreme Court's eventual decision in *St. Mary* could help explain how courts should analyze any statutory exemption when assessing a statute's general applicability. But that by itself is not sufficient to delay resolution of defendants' interest in vacating the anti-suit injunction.

---

[2] The portion of *Ortega v. Grisham* plaintiffs cite (at 3) is from a dissent from the denial of a petition for rehearing en banc, where the dissent noted the possibility of abating en banc proceedings if the Supreme Court granted certiorari on a question at issue in the proceedings. 162 F.4th 1056, 1063 n.4 (10th Cir. 2025) (Federico, J., dissenting).

At a minimum, however, this Court should defer ruling on the need for abatement until after oral argument, which is likely to crystallize the extent to which the Supreme Court's decision in *St. Mary* will be relevant. *See Courage to Change v. El Paso Cnty*., No. 21-1227, Dkt. Nos. 56, 64 (abating proceedings after oral argument).

**Conclusion**

Defendants respectfully request that the Court deny plaintiffs' request to postpone oral argument and to abate appellate proceedings. In the alternative, this Court should defer decision on abatement until after oral argument.

DATED this 24th of April, 2026.

ZIMMERMAN BOOHER

s/ Caroline Anais Olsen  
Troy L. Booher  
Caroline Anais Olsen  
ZIMMERMAN BOOHER  
341 South Main Street, Fourth Floor  
Salt Lake City, UT 84111  
*Attorneys for Appellants*

James Dodge Russell & Stephens, P.C.  
Mitchell A. Stephens  
Justin L. James  
Dillon P. Olson  
*Attorneys for Appellants Utah County and Jeffrey Gray*

Provo City Attorney's Office  
J. Brian Jones  
Gary D. Millward  
Nicholas Muhlestein  
Richard A. Roberts  
*Attorneys for Appellant Provo City*

**Certificate of Compliance**

I certify this response has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in a 14-point Times New Roman font and this response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,826 words.

s/ Caroline Anais Olsen
Troy L. Booher
Caroline Anais Olsen
ZIMMERMAN BOOHER
tbooher@zbappeals.com
colsen@zbappeals.com
(801) 924-0200
*Attorneys for Appellants*

**Certificate of Digital Submissions and Certificate of Service**

I certify that all required privacy redactions have been made; if required to file additional hard copies, that the ECF submission is an exact copy of those documents; and this ECF submission was scanned for viruses with the most recent version of Microsoft Defender Antivirus Security intelligence version 1.449.276.0 (updated April 24, 2026) and according to the program is free of viruses.

I further certify that on April 24, 2026, I caused the foregoing to be filed and served via the CM/ECF system, which sent notification to the following:

J. Brian Jones: jbjones@provo.utah.gov
Gary Millward: gmillward@provo.org, millwardlegal@gmail.com
Mitchell A. Stephens: mstephens@jdrslaw.com, administrator@jdrslaw.com
Justin L James: jjames@jdrslaw.com
Dillon P. Olson: dolson@jdrslaw.com, administrator@jdrslaw.com
Tanner James Bean: tbean@fabianvancott.com, knielson@fabianvancott.com
Jacqueline Rosen: jrosen@fabianvancott.com, mcrawford@fabianvancott.com
Richard A. Roberts: rroberts@provo.gov, czarbock@provo.gov
Nicholas Muhlestein: nmuhlestein@provo.gov
Ronald Wallace McNutt: ronaldwmcnutt@gmail.com
David Carn: david@davidcarn.com, delcinemusic@gmail.com
Melissa Ellen Dean: melissadeanesq@gmail.com, melissa@minardilaw.com
Natalie S Koski-Karell: nskoskikarell@gmail.com
Deja Andrea Correia: deja@correia.law

s/ Caroline Anais Olsen
Troy L. Booher
Caroline Anais Olsen
ZIMMERMAN BOOHER
tbooher@zbappeals.com
colsen@zbappeals.com
(801) 924-0200
*Attorneys for Appellants*

10