

May 4, 2026

Christopher M. Wolpert, Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

    Re:    No. 25-4115, *Jensen, et al. v. Utah County, et al.*
             Response to Notice of Additional Supplemental Authority [Dkt. 69]

Dear Mr. Wolpert:

    Appellants respectfully respond to Appellees' May 1, 2026, Notice of Additional Supplemental Authority regarding the Supreme Court's recent decision in *First Choice Women's Resource Centers, Inc. v. Davenport*. Appellees assert that "[t]he Opinion impacts the anti-suit injunction analysis" in two respects. They are wrong on both counts.

    Appellees first assert that *First Choice* clarifies "[t]he importance of adjudicating 42 U.S.C. § 1983 claims in a federal forum." But on one of the very same pages Appellees cite, the Court acknowledged that the general preference for a federal forum does not extend to cases like this one—i.e., where "certain 'abstention' doctrines" apply. (Op. 14 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). *First Choice* has no bearing on the propriety of the anti-suit injunction in this case, because the government defendant there did "not argue[] that any of this Court's abstention doctrines apply." (Op. 14.)

    Appellees next assert that the decision clarifies "[t]he gravity of harm upon religious associational rights" when a government entity serves discovery requests and threatens criminal prosecution. But *First Choice* addressed "a narrow question": whether First Choice suffered an injury-in-fact for Article III standing. (Op. 5–6.) That inquiry focuses on whether the plaintiff suffered a harm that is "concrete, particularized, and actual or imminent." (Op. 6 (quotation simplified).)

It does not purport to measure the "gravity" of harm. *E.g.*, *Czyewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017) ("For standing purposes, a loss of even a small amount of money is ordinarily an 'injury.'"). Thus, the Court expressly disclaimed quantifying the gravity of the harm to First Choice: "The question before is isn't how badly the Attorney General has burdened First Choice's associational rights." (Op. 19.)

In contrast, to justify the anti-suit injunction here, Appellees must show that (i) enforcement of a generally applicable criminal law—the Utah Controlled Substances Act—infringed their Free Exercise rights, and (ii) the harm caused by that purported infringement was extraordinary and far beyond the burden of litigating those rights in state court. (Op. Br. 43–48; Reply 29.) *First Choice* has nothing to say on either question.

Respectfully submitted,

s/ Caroline Anais Olsen
Troy L. Booher
Caroline Anais Olsen
Zimmerman Booher
341 South Main Street, Fourth Floor
Salt Lake City, UT 84111
*Attorneys for Appellants*

James Dodge Russell & Stephens, P.C.
Mitchell A. Stephens
Justin L. James
Dillon P. Olson
*Attorneys for Appellants Utah County and Jeffrey Gray*

Provo City Attorney's Office
J. Brian Jones
Gary D. Millward
Nicholas Muhlestein
Richard A. Roberts
*Attorneys for Appellant Provo City*

## Certificate of Compliance

I certify this response to additional supplemental authority complies with the

type-volume limitation of Fed. R. App. P. 28(j) because it contains 350 words.

DATED this 4th day of May, 2026.

s/ Caroline Anais Olsen
Troy L. Booher
Caroline Anais Olsen
ZIMMERMAN BOOHER
341 South Main Street, Fourth Floor
Salt Lake City, UT 84111
tbooher@zbappeals.com
colsen@zbappeals.com
(801) 924-0200
*Attorneys for Appellants*

## Certificate of Digital Submissions and Certificate of Service

I certify all required privacy redactions have been made; if required to file additional hard copies, that the ECF submission is an exact copy of those documents; and this ECF submission was scanned for viruses with the most recent version of Microsoft Defender Antivirus Security intelligence version 1.449.446.0 (updated May 4, 2026) and according to the program is free of viruses.

I further certify that on May 4, 2026, I caused the foregoing to be filed and served via the CM/ECF system, which sent notification to the following:

J. Brian Jones: jbjones@provo.utah.gov
Gary Millward: gmillward@provo.org, millwardlegal@gmail.com
Mitchell A. Stephens: mstephens@jdrslaw.com, administrator@jdrslaw.com
Justin L James: jjames@jdrslaw.com
Dillon P. Olson: dolson@jdrslaw.com, administrator@jdrslaw.com
Tanner James Bean: tbean@fabianvancott.com, knielson@fabianvancott.com
Jacqueline Rosen: jrosen@fabianvancott.com, mcrawford@fabianvancott.com
Richard A. Roberts: rroberts@provo.gov, czarbock@provo.gov
Nicholas Muhlestein: nmuhlestein@provo.gov
Ronald Wallace McNutt: ronaldwmcnutt@gmail.com
David Carn: david@davidcarn.com, delcinemusic@gmail.com
Melissa Ellen Dean: melissadeanesq@gmail.com, melissa@minardilaw.com
Natalie S Koski-Karell: nskoskikarell@gmail.com
Deja Andrea Correia: deja@correia.law

s/ Caroline Anais Olsen
Troy L. Booher
Caroline Anais Olsen
ZIMMERMAN BOOHER
tbooher@zbappeals.com
colsen@zbappeals.com
(801) 924-0200
*Attorneys for Appellants*
