# FABIAN VANCOTT

Tanner J. Bean
Jacqueline M. Rosen
Attorneys
Tel. 801-323-2266

May 5, 2026

U.S. Court of Appeals for the Tenth Circuit
Clerk's Office, Christopher M. Wolpert
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

**Re: Case No. 25-4115, *Jensen et al. v. Utah County et al.***
**Response to Notice of Additional Supplemental Authority**

Mr. Wolpert,

Appellees respond to Appellants' May 4, 2026, Notice of Supplemental Authority regarding *Perry v. Marteney*. Appellees' citation to this non-binding decision is another attempt to advance one-size-fits-all rules. But as-applied constitutional challenges like the one presented are fact-specific. *See* Appellee's Br., at 56, 62-64 n.11. *Perry* provides no useful comparison.

In the Fourth Circuit's apparent zeal for mandatory vaccinations, *Perry* runs afoul of the Supreme Court's modern standards governing general applicability analysis and contravenes this Court's holding in *Does 1-11* that "a government policy that grants an exemption for medical reasons but denies the same exemption for religious reasons is not generally applicable . . ." *See* Appellee's Br., at 53-58 (quotations omitted). As the dissenting opinion in *Perry* shows, *Perry* rejects comparable secular exemptions and relies upon slippery slope analysis about what *could* happen if religious people were permitted an exemption. Such speculation has been repeatedly rejected by the Supreme Court in *Fulton, Ramirez v. Collier*, *Hobby Lobby, and Gonzales*.

The misapplication of the general applicability analysis, evident in *Perry*, is precisely what the Supreme Court granted certiorari in *St. Mary Catholic Parish v. Roy* to review. There, the first question presented is "Whether proving a lack of general applicability under *Employment Division v. Smith* requires showing unfettered discretion or categorial exemptions for identical secular conduct." *Perry* applies a restrictive standard regarding what type of discretion and what sorts of secular exemptions lead to strict scrutiny review, motivated by a fear that people of faith will bring about societal "anarchy."

But the Court need not consider *Perry* at all. This Court can resolve the present appeal without ever analyzing general applicability. *See* Appellees' Br., at 36-41. On this point, Appellants reversed course and now agree with Appellees. *Compare* Dkt.

66, at 3 ("correcting the district court's error—and rectifying its infringement on the important federalism interests *Younger* protects—does not require this Court to wade into Free Exercise questions."), *with* Appellants' Br., at 25; Appellants' Reply Br., at 4-5 ("this Court must review [the First Amendment] ruling to determine the injunction's propriety.").

Sincerely,

Tanner J. Bean
Jacqueline M. Rosen
FABIAN VANCOTT